Filed 10/6/20  P. v. Barajas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH TELEVERA BARAJAS,<br><br>Defendant and Appellant. | C091695<br><br>(Super. Ct. No. 19FE000822) |

While defendant Joseph Televera Barajas was incarcerated, he knowingly and unlawfully possessed methamphetamine in a usable amount.  Defendant was charged with possession of methamphetamine in prison.  (Pen. Code,[1] § 4573.6.)  It was further alleged that defendant had two prior strike convictions.  (§§ 667, subds. (b)-(i), 1170.12.) Pursuant to a plea agreement, the prosecutor amended the complaint to charge the lesser-related offense of violation of section 4573.8.  Defendant pled no contest to the charge as amended and admitted one prior strike conviction.  The second prior strike conviction was stricken.

---

[1]     Undesignated statutory references are to this code.

The trial court imposed the low term of 16 months, doubled to two years eight months for the prior strike conviction. The court ordered defendant to pay a conviction assessment fee of $30 (Gov. Code, § 70373), a court operations assessment fee of $40 (§ 1465.8), and a restitution fine of $300 (§ 1202.4, subd. (b)), with an additional $300 parole revocation fine, which was stayed pending successful completion of parole (§ 1202.45). No custody credits were awarded because defendant was incarcerated on another sentence.

Defendant filed a notice of appeal but did not obtain a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1969) 25 Cal.3d at p. 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

/s/
Robie, J.

We concur:

/s/
Blease, Acting P. J.

/s/
Murray, J.

2